UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYER, PONGRATZ & ROSEN,<br><br>              Plaintiff,<br><br>       v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>              Defendant. | No.  2:16-cv-01061-KJM-CKD<br><br><br>ORDER |

    This case comes before the court on the motion to remand and request for attorneys' fees by plaintiff Beyer, Pongratz & Rosen (Beyer).  For reasons explained below, the motion to remand is GRANTED, while the request for attorneys' fees is DENIED.

I.  PROCEDURAL HISTORY AND BACKGROUND

    Plaintiff Beyer, a law firm, is a resident and citizen of California.  Defendant Evanston Insurance Company (Evanston) has its corporate office in Deerfield, Illinois but does business in California.  Compl. ¶¶ 1–2, ECF No. 1-2.  On April 7, 2016, Beyer filed a complaint with the Superior Court for the County of Sacramento, *id.*, asserting four state law claims against Evanston: (1) Breach of the Duty of Good Faith and Fair Dealing, (2) Breach of Contract, (3) Negligence, and (4) Declaratory Relief and Accounting.  *Id.* ¶¶ 14–40.  Beyer's claims arise from Evanston's alleged failure to cover $177,260.91 Beyer paid to a plaintiff in an arbitration

1

dispute. *Id.* ¶ 10. Beyer alleges it had to pay this money because Evanston, as Beyer's insurer and representative in the arbitration matter, did not properly and efficiently defend Beyer. *Id.* ¶ 12.

        For its claims, Beyer seeks the following relief:

- Monetary Damages in the amount of $25,000, the cost of Beyer's insurance deductible for its $500,000 coverage. *Id.* ¶ 40(1).
- Monetary Damages in the amount of $9,500 for Beyer's loss of earnings. *Id.* ¶ 40(2).
- Monetary damages "in an amount to be determined at trial based on [Beyer's] contention that Evanston improperly "wasted" part of [Beyer's] available insurance proceeds . . . in an amount which will not exceed $40,000." *Id.* ¶ 40(3).
- "[A] full and complete accounting of all expenses and attorney fees incurred and paid by Evanston." *Id.* ¶ 40(4).
- [S]uch other and further relief as the [c]ourt deems just and proper." *Id.* ¶ 40(6).

Beyer expressly clarifies that "plaintiff is seeking a total compensation of no more than $74,500 in damages, exclusive of interests and costs, in this matter." *Id.* ¶ 40(5).

        On May 18, 2016, Evanston removed Beyer's case to this court on the basis of diversity jurisdiction, contending Beyer alleges Evanston improperly required Beyer pay $177,260.91 in arbitration damages, an amount far exceeding the federal diversity threshold of $75,000. Not. of Remov. 2, ECF No. 1. On June 8, 2016, Beyer moved to remand the case to state court, contending it "clearly and unequivocally seeks the stated amount of $74,500." Mot. Remand 2, ECF No. 6. Evanston opposed the motion on August 25, 2016, Opp'n, ECF No. 10, and Beyer replied on September 2, 2016, Reply, ECF No. 12.

II.    <u>LEGAL STANDARDS</u>

        When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28

U.S.C. § 1441(a).  In a motion to remand to state court, the party asserting federal jurisdiction has the burden of proof.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  "The burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Id.*

In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir.1995)).  The amount in controversy includes claims for general and special damages (excluding costs and interests), including attorneys' fees, if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law.  *See Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447 (S.D.Cal.1995); *Miller v. Michigan Millers Ins. Co.*, No. 96–4480, 1997 WL 136242 (N.D.Cal.1997).  "A speculative argument regarding the potential value of the award is insufficient." *Singer*, 116 F.3d at 376.

It is well established that the plaintiff is "master of her complaint" and can plead to avoid federal jurisdiction.  *See, e.g., Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99(1987); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).  Accordingly, subject to a "good faith" requirement in pleading, a plaintiff may sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938).  In determining diversity jurisdiction, "the sum claimed by the plaintiff controls." *Id.* at 289.  Where the plaintiff has alleged her facts and pled her damages, and there is no evidence of bad faith, the defendant must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction. *See id.* at 290.

III. DISCUSSION

    A. Motion to Remand

Here, Beyer unequivocally claims a maximum entitlement to $74,500 dollars in damages, notwithstanding its possible entitlement to more money. *See* Compl. ¶ 40(5). Evanston does not contend Beyer pleads this amount in bad faith, but instead contends Beyer does not affirmatively state it is not seeking to recover an amount within the jurisdictional limit. Opp'n at 5. However, jurisdiction is not established simply because a plaintiff does not confirm its claims do not exceed the jurisdictional amount, for a lack of explicit confirmation does not conclusively establish the amount in controversy is met. *See Valle v. State Farm Mutual Auto. Ins.*, 1997 WL 564047 (N.D.Cal.1997) (declining to find a refusal to stipulate to damages below the jurisdictional amount is even persuasive in evaluating the worth of the claims in a complaint); *Miller v. Michigan Millers Ins. Co.*, 1997 WL 136242 (N.D.Cal.1997) (same). Beyer's complaint establishes jurisdiction is not proper in this court, so its motion to remand is GRANTED.

    B. Request for Attorneys' Fees

Beyer contends it is entitled to attorneys' fees due to Evanston's allegedly improper removal. Remov. Mot. at 5.

Absent unusual circumstances, courts may award attorneys' fees under the fee provision of the removal statute only where the removing party lacked an objectively reasonable basis for seeking removal; conversely, when an objectively reasonable basis exists, fees should be denied. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). Removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorneys' fees would always be awarded whenever remand is granted. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). The decision to grant attorneys' fees is one of "discretion." *Martin*, 546 U.S. at 136.

Here, the court concludes attorneys' fees are not warranted. Given that the complaint alleges Evanston's actions resulted in Beyer's having to pay $ 177,260.91 to a plaintiff in an arbitration dispute, it was not implausible for Evanston to contend the amount in controversy actually exceeded $75,000. Beyer's motion for attorneys' fees is DENIED.

4

III. DISCUSSION

    A. Motion to Remand

Here, Beyer unequivocally claims a maximum entitlement to $74,500 dollars in damages, notwithstanding its possible entitlement to more money. *See* Compl. ¶ 40(5). Evanston does not contend Beyer pleads this amount in bad faith, but instead contends Beyer does not affirmatively state it is not seeking to recover an amount within the jurisdictional limit. Opp'n at 5. However, jurisdiction is not established simply because a plaintiff does not confirm its claims do not exceed the jurisdictional amount, for a lack of explicit confirmation does not conclusively establish the amount in controversy is met. *See Valle v. State Farm Mutual Auto. Ins.*, 1997 WL 564047 (N.D.Cal.1997) (declining to find a refusal to stipulate to damages below the jurisdictional amount is even persuasive in evaluating the worth of the claims in a complaint); *Miller v. Michigan Millers Ins. Co.*, 1997 WL 136242 (N.D.Cal.1997) (same). Beyer's complaint establishes jurisdiction is not proper in this court, so its motion to remand is GRANTED.

    B. Request for Attorneys' Fees

Beyer contends it is entitled to attorneys' fees due to Evanston's allegedly improper removal. Remov. Mot. at 5.

Absent unusual circumstances, courts may award attorneys' fees under the fee provision of the removal statute only where the removing party lacked an objectively reasonable basis for seeking removal; conversely, when an objectively reasonable basis exists, fees should be denied. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). Removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorneys' fees would always be awarded whenever remand is granted. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). The decision to grant attorneys' fees is one of "discretion." *Martin*, 546 U.S. at 136.

Here, the court concludes attorneys' fees are not warranted. Given that the complaint alleges Evanston's actions resulted in Beyer's having to pay $ 177,260.91 to a plaintiff in an arbitration dispute, it was not implausible for Evanston to contend the amount in controversy actually exceeded $75,000. Beyer's motion for attorneys' fees is DENIED.

IV.   <u>CONCLUSION</u>

In sum, Beyer's motion to remand this case is GRANTED. Beyer's request for attorneys' fees is DENIED. This case is REMANDED to Sacramento County Superior Court.

This resolves ECF No. 5.

IT IS SO ORDERED.

DATED: September 8, 2016.

_____
UNITED STATES DISTRICT JUDGE